IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES AARON ROPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:12-CV-623-WKW |
| | ) | [WO] |
| WALLY OLSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In his Amended Complaint, Plaintiff James Aaron Roper alleges that the Alabama Sex Offender Registration and Community Notification Act ("ASORCNA"), *see* Ala. Code §§ 15-20A-1 to 15-20A-48, as applied to him violates his procedural due process rights guaranteed by the Fourteenth Amendment to the United States Constitution. Defendant Wally Olson, the Sheriff of Dale County, Alabama, has filed a motion to dismiss for lack of subject matter jurisdiction based on the absence of standing and ripeness, as well as for failure to state a claim upon which relief can be granted. (Docs. # 17, 18.) After careful consideration of the arguments and relevant law, the court finds that Sheriff Olson's motion is due to be granted.

# I.  STANDARDS OF REVIEW

## A.    <u>Rule 12(b)(1)</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction.  *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).  On a Rule 12(b)(1) facial attack, the court evaluates whether the complaint "sufficiently allege[s] a basis of subject matter jurisdiction," employing standards similar to those governing Rule 12(b)(6) review.  *Id.*

## B.    <u>Rule 12(b)(6)</u>

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "take the facts alleged in the complaint as true and construe them in the light most favorable to" the plaintiff.  *Danley v. Allen*, 540 F.3d 1298, 1304 (11th Cir. 2008).  To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

## II.  BACKGROUND

A.  __Facts and Procedural History__

The following facts, accepted as true, are from the Amended Complaint.  Mr. Roper has a 1990 conviction for a violation of a Florida statute proscribing indecent exposure of sexual organs.  *See* Fla. Stat. § 800.03.  The Florida courts did not designate Mr. Roper as a sexual predator for purposes of Florida's registration requirements under the Florida Sexual Predators Act ("FSPA").  *See* Fla. Stat. § 775.21.  Consequently, Mr. Roper did not have to register as a sexual predator under Florida law.

Fast forward two decades:  Mr. Roper is no longer living in Florida, but in Alabama.  On July 10, 2012, deputies under the command of Sheriff Olson contacted Mr. Roper and ordered him to "register as a sex offender under [ASORCNA]."[1]  (Am. Compl. ¶ 5.)  When Mr. Roper refused, Sheriff Olson threatened to arrest him.  Ultimately Sheriff Olson did not carry through with that threat because Mr. Roper's attorney and the Dale County district attorney's office agreed to "postpone[ ]" all arrest procedures pending the filing and resolution of a lawsuit.  (Am. Compl. 3.)

_____

[1] The sparse rendition of the facts is due to the dearth of allegations in the Amended Complaint.

This lawsuit followed.  The original Complaint asserted a "due process" violation based upon ASORCNA's requirement that Mr. Roper register as a sex offender; however, the Complaint had many shortcomings.  Among them, the Complaint did not indicate whether the alleged violation was substantive or procedural in nature.  (Compl. ¶ 1.)  It also erroneously alleged a due process violation under the Fourth Amendment (Compl. ¶ 1) and relied upon ASORCNA's predecessor that had been repealed (Compl. ¶ 11).  Sheriff Olson responded to the Complaint with a Rule 12(b)(6) motion to dismiss.  Based upon the Complaint's vague and confusing allegations, the court denied the motion to dismiss and permitted Mr. Roper to amend his Complaint.  (Order (Doc. 14).)

In his Amended Complaint, which is the operative pleading, Mr. Roper alleges that ASORCNA's registration requirement violates his Fourteenth Amendment right to procedural due process.  He brings his as-applied challenge under 42 U.S.C. § 1983, requesting a declaratory judgment that he "does not have to register as a sex offender" under ASORCNA and an injunction restraining Sheriff Olson from requiring him to register as a sex offender.  (Am. Compl. ¶¶ 1, 3 (prayer for relief).)  Sheriff Olson responded to the Amended Complaint with the instant motion to dismiss.

4

B.     __ASORCNA: Generally__

ASORCNA, as applicable to this case, establishes registration and community notification requirements for adult sex offenders convicted of designated sex offenses proscribed by Alabama law.  *See* Ala. Code § 15-20A-5(1)-(32) (enumerating thirty-two crimes).  ASORCNA also applies to adults convicted in states other than Alabama under specified circumstances.   Namely, ASORCNA applies to "[a]ny crime committed in . . . any other state which, if it had been committed in this state under the current provisions of law, would constitute" one of the sex offenses set out in § 15-20A-5(1)–(32).  Ala. Code § 15-20A-5(33).

Under ASORCNA, an adult sex offender must register with the sheriff of the county where he or she lives, works, or attends school, or where he or she intends to do any of these three things.  *See* Ala. Code §§ 15-20A-10, 15-20A-14.  Registration requires offenders to provide their full name, date of birth, street address, physical identifiers, employment and school information, driver's license number, criminal history information, photograph, and fingerprints.  Failure to register is a Class C felony.  *See* Ala. Code §§ 15-20A-10(j), 5-20A-14(e).

The registration requirement also applies to individuals, such as Mr. Roper, who have been convicted of sex-related crimes in states other than Alabama.  There are, however, procedural mechanisms in place for these individuals to challenge the

applicability of ASORCNA to their out-of-state convictions. *See* Ala. Code § 15-20A-44(a) ("The Director of the Department of Public Safety ["ADPS"] shall promulgate rules establishing an administrative hearing for persons who are only made subject to this chapter pursuant to subdivision (33) of Section 15-20A-5."). Based on § 15-20A-44's directive, the ADPS's director promulgated a rule, titled "Foreign Jurisdiction Convicted Sex Offender Registration, Notification, and Due Process Hearings." ADPS Rule 760-X-1-.21. The rule provides that, prior to community notification, the ADPS "will make a preliminary determination concerning the applicability of the Act to the offender." *Id.* The offender may appeal an adverse preliminary determination through timely written notification to the ADPS's legal unit and receive a hearing before an Administrative Law Judge ("ALJ"). Additionally, the offender may appeal an adverse ALJ decision to the Circuit Court of Montgomery County. *See id.*

In circumstances where a registrant is subject to ASORCNA's community notification requirements, ASORCNA mandates the distribution of community notification flyers to those living near the registrant's residence. *See id.* at § 15-20A-21. It also provides for a "public registry website maintained by the Department of Public Safety," which includes specified personal identification information on each registrant. *Id.* at § 15-20A-8.

6

## III.  DISCUSSION

As grounds for his motion to dismiss, Sheriff Olson argues first that subject matter jurisdiction is lacking based upon standing and ripeness and second that the Amended Complaint fails to state a Fourteenth Amendment procedural due process claim.  The court finds that the Amended Complaint alleges facts demonstrating standing and ripeness, but not facts that state a procedural due process claim.  Before delving into the analysis, however, the court makes a preliminary observation about the nature of Mr. Roper's claim.

## A.  <u>Preliminary Observation: The due process claim is about ASORCNA's registration requirement.</u>

To streamline the analysis, it is helpful initially to set out the contours of Mr. Roper's Fourteenth Amendment due process clam.  The Amended Complaint alleges that Mr. Roper's out-of-state conviction is not a qualifying ASORCNA conviction and, therefore, that Mr. Roper's registration would amount to a procedural due process violation.  (*See* Am. Compl. ¶ 5 ("[T]he requirement that he register violates due process.").)  Mr. Roper's claim then is about ASORCNA's registration requirement. (*See* Doc. # 11 (Mr. Roper "is entitled to due process before being compelled to register as a sex offender.").)  It is not about ASORCNA's notification requirement.

The distinction between the registration and notification requirements is important both for the Rule 12(b)(1) jurisdictional analysis and the Rule 12(b)(6) review.

The Amended Complaint also is not about the ADPS's rule establishing post-registration/pre-notification procedural safeguards for individuals, like Mr. Roper, who contend that their out-of-state convictions are not within ASORCNA's scope. *See* ADPS Rule 760-X-1-.21. Mr. Roper does not mention these procedures, either in his Amended Complaint or briefing.

## B.    Mr. Roper has standing and his due process claim is ripe.

The standing and ripeness analysis focuses on the alleged infirmity of process with respect to ASORCNA's registration requirement.[2] Article III, § 2, of the United States Constitution "limits the jurisdiction of federal courts to Cases and Controversies, which restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symczyk*, --- U.S. ---, ----, 133 S. Ct. 1523, 1528 (2013) (citations and internal quotation marks omitted). Both standing and ripeness originate from Article III's case-or-controversy

---

[2] For purposes of the jurisdictional analysis, the court presumes the validity of the alleged constitutional violation. *See, e.g., In re Navy Chaplaincy*, 697 F.3d 1171, 1175 (D.C. Cir. 2012) ("[I]n reviewing the standing question, we must . . . assume that on the merits the plaintiffs would be successful in their claims." (citation and internal quotation marks omitted)). Additionally, because standing and ripeness pertain to subject matter jurisdiction, Rule 12(b)(1) governs the analysis. *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs.*, 225 F.3d 1208, 1227 n.14 (11th Cir. 2000).

requirement. *Elend v. Basham*, 471 F.3d 1199, 1204–05 (11th Cir. 2006). Although separate doctrines, standing and ripeness share Article III's requirement that "a party must suffer injury or come into immediate danger of suffering an injury before challenging a statute." *United States v. Veal*, 322 F.3d 1275, 1278 (11th Cir. 2003) (quoting *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999) (analyzing ripeness)); *see also Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244–45 (11th Cir. 1998) (analyzing standing).

Sheriff Olson focuses his argument on the doctrines' shared injury element. He contends that because Mr. Roper has not yet registered under ASORCNA, Mr. Roper lacks an injury sufficient to confer standing and his claim is not ripe. But Sheriff Olson cites no authority for his contention, and the court finds that it is contrary to the law of this Circuit and the Supreme Court.

Where a plaintiff brings a "preenforcement, constitutional challenge to a state statute, the injury requirement may be satisfied by establishing 'a realistic danger of sustaining direct injury as a result of the statute's operation or enforcement.'" *Ga. Latino Alliance for Human Rights v. Governor of Ga.*, 691 F.3d 1250, 1257 (11th Cir. 2012) (citation and internal quotation marks omitted). "A plaintiff may meet this standard in any of three ways: (1) [the plaintiff] was threatened with application of the statute; (2) application is likely; or (3) there is a credible threat of application." *Id.* at

1257–58 (citation and internal quotation marks omitted); *see also Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas Cnty.*, 221 F.3d 1211, 1214 (11th Cir. 2000) ("'When the plaintiff has alleged an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder, he should not be required to await and undergo a criminal prosecution as the sole means of seeking relief.'" (quoting *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979))). As these authorities demonstrate, the injury requirement need not take the form of an actual enforcement action.

As alleged in this case, Sheriff Olson has informed Mr. Roper that he must register as a sex offender under ASORCNA. Mr. Roper has refused because he believes that registering would violate his procedural due process rights. Based on Mr. Roper's refusal, Sheriff Olson has threatened to enforce ASORCNA's penal provisions against Mr. Roper for his failure to register. No contingency exists. If Mr. Roper wants to live in Dale County, Alabama, he must register and provide designated personal information to local law enforcement under ASORCNA, a law he contends is unconstitutional as applied to him, or else face an arrest and criminal charges for his failure to do so. The threat Mr. Roper faces is real, and it is credible. The fact that the Dale County district attorney's office has agreed to defer Mr. Roper's prosecution for

failure to register further confirms the threat's credibility.[3]  These facts demonstrate that Sheriff Olson threatened Mr. Roper with application of ASORCNA, that ASORCNA's application is likely, and that there exists credible threat of ASORCNA's application.  Accordingly, Mr. Roper has alleged an injury sufficient to demonstrate standing and a ripe claim.

Sheriff Olson nonetheless argues that Mr. Roper "has not applied for a state court order" and, thus, it is "unknown how a state circuit court would rule on [his] hypothetical petition."  (Doc. # 18, at 6.)  Sheriff Olson does not provide a state-law source of authority for obtaining a state court order.  If his argument stems from ADPS Rule 760-X-1-.21, Sheriff Olson's argument may have some force with respect to the notification requirement, but not the registration requirement.  A Third Circuit decision is illustrative.  *See Artway v. Attorney Gen. of State of New Jersey*, 81 F.3d 1235, 1247 (3d Cir. 1987).

*Artway* analyzed the ripeness doctrine with respect to constitutional challenges (including due process challenges) to New Jersey's sex offender registration and

---

[3] Notably, this is Mr. Roper's second lawsuit challenging the constitutionality of his registration under Alabama's sex offender laws.  Mr. Roper's prior lawsuit raised a similar claim under ASORCNA's predecessor (the "Act"), but Judge Fuller found that the claim was not ripe because state officials had not applied the Act to Mr. Roper:  "Whether state officials w[ould] ever attempt to seek Roper's compliance with the requirements of the Act [was] a matter of pure speculation."  *Roper v. Campbell*, No. 04cv1156, 2007 WL 604789, at *5 (M.D. Ala. Feb. 22, 2007).  That speculative possibility now has ripened into a concrete reality.

community notification law ("Megan's Law").  There, a convicted sex offender had not registered under Megan's Law (and had moved out of state to avoid registering), and sought an injunction against enforcement of the law's registration and community notification requirements.  The Third Circuit held that the constitutional claims with respect to the registration requirement were ripe because a credible threat existed that the state would prosecute the sex offender if he moved back to New Jersey and failed to register.  *Id.* at 1248.  But it found unripe the challenges to the notification provisions because notification "involve[d] a crucial contingency."  *Id.* at 1248. Depending upon how the state classified his sex offense, a determination not made until after registration, the sex offender might not have to face notification; thus, there was no hardship in denying review.  *Id.*

Contrary to the registration requirement, Mr. Roper will not be subject to the community notification requirement until after he registers and the ADPS makes a preliminary determination that his out-of-state conviction qualifies as a sex offense under ASORCNA, and the review procedures accompanying that preliminary determination run their course resulting in no change in the preliminary determination. Whether Mr. Roper ever will be subject to ASORCNA's notification requirement may well be speculative.  However, because Mr. Roper does not challenge the notification requirement, only the registration requirement, the court need definitively rule.  In

short, Sheriff Olson's arguments do not foreclose review of the challenge to the registration requirement on either ripeness or standing grounds.

## C.     Rule 12(b)(6): Mr. Roper fails to state a procedural due process claim upon which relief can be granted.

"A Section 1983 procedural due process claim requires a plaintiff to prove three elements:  (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).  At the motion-to-dismiss stage, "[a]lthough notice pleading does not require a plaintiff to specifically plead every element of his cause of action, a complaint must still contain enough information regarding the material elements of a cause of action to support recovery under some viable legal theory." *Am. Fed. of Labor & Congress of Indus. Organization v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (citation and internal quotation marks omitted).

Sheriff Olson contends that the Amended Complaint fails to allege constitutionally inadequate process.  For purposes of this analysis, therefore, the court assumes without deciding that Mr. Roper's registration under ASORCNA implicates state action and that his registration would deprive him of a liberty interest.  The only issue for present purposes is whether there are allegations of a constitutionally inadequate process.

13

"In order to state a procedural due process claim under § 1983, the [plaintiff] ha[s] to allege a constitutionally inadequate process." *Lord Abbett Mun. Income Fund, Inc. v. Tyson*, 671 F.3d 1203, 1207 (11th Cir. 2007).  A complaint that "contains no allegation of the process . . . due" cannot survive Rule 12(b)(6) review.  *Miccosukee Tribe of Indians of Fla. v. United* States, 716 F.3d 555, 559 (11th Cir. 2013) (citing *Tinney v. Shores*, 77 F.3d 378, 382 (11th Cir. 1996), for the principle that "by failing to allege inadequate process, appellant did not state a procedural due process claim").

Mr. Roper alleges that "it would violate procedural due process under the Fourteenth Amendment to force him to register under [ASORCNA] without strict compliance with the statute."  (Am. Compl. 4.)  But what does "strict compliance" mean?  Mr. Roper never says, so the answer is left to speculation.  What Mr. Roper seems to allege is that "strict compliance" means that correctly interpreted, ASORCNA does not apply to him, and, thus, Sheriff Olson got the law wrong in requiring Mr. Roper to register.  But that contention misses the mark of what is relevant to a procedural due process claim.

The decision of whether Mr. Roper's 1991 Florida conviction falls within the coverage of ASORCNA belongs to the State of Alabama, not to a federal court.  The federal court's interest does not concern whether the decision was right or wrong, but instead whether the state's procedures employed to reach its decision comport with the

Due Process Clause.[4]  *See Doe v. Pryor*, 61 F. Supp. 2d 1224, 1234 (M.D. Ala. 1999) ("The issue of whether the plaintiff's conduct falls within the coverage of the comparable state child pornography law [under ASORCNA's predecessor] is for the State, not this federal court, to decide, but with adequate procedures to comply with the due process clause.").

Mr. Roper does not allege what procedures, if any, he was afforded prior to Sheriff Olson requiring him to register.  He does not identify, for example, who determined that he had to register under ASORCNA, how that decision was made, or what provision of ASORCNA purportedly justified that decision.  Additionally, Mr. Roper does not identify the procedures in place under ASORCNA or allege that those procedures either are inadequate to constitute due process of law or were not followed in his case.

Moreover, as already discussed, the State of Alabama has implemented post-registration (pre-notification) procedures that Mr. Roper may invoke to challenge whether his conviction under Florida law constitutes a sex offense under ASORCNA.

---

[4] When an individual undisputedly has a qualifying sex offense and inclusion on the sex-offender registry depends only upon the fact of conviction, no further process is due before imposition of sex offender conditions.  *See Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7–8 (2003).  Here, Mr. Roper contends that his out-of-state conviction is not a qualifying sex offense under Alabama law, and neither party has argued that *Doe* addressed this scenario.

*See* ADPS Rule 760-X-1-.21.  Those procedures allow for a preliminary determination by ADPS, a hearing before an ALJ, and an appeal to the state circuit court.  Mr. Roper does not mention these procedures for challenging ASORCNA's application or argue that they are inadequate post-deprivation remedies.  Mr. Roper simply does not provide a hint as to what process he allegedly was due or was denied.

In sum, absent allegations of constitutionally inadequate procedures, Mr. Roper's procedural due process claim fails.  Accordingly, his Fourteenth Amendment due process claim is due to be dismissed for failure to state a claim upon which relief can be granted.

## IV.  CONCLUSION

The Amended Complaint alleges an injury that satisfies the standing and ripeness requirements for purposes of Article III's case-or-controversy requirement.  However, the Amended Complaint fails to state a Fourteenth Amendment procedural due process claim for which relief can be granted.  Accordingly, it is ORDERED that Sheriff Olson's motion to dismiss (Doc. # 17) is GRANTED.

A separate judgment will be entered.

DONE this 26th day of August, 2013.

_____/s/ W. Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE